REITLER KAILAS & ROSENBLATT LLC
Leo G. Kailas
885 Third Avenue, 20th Floor
New York, New York 10022
Phone:  (212) 209-3050
Fax:  (212) 371-5500
Email: lkailas@reitlerlaw.com

      **and**

KODNER WATKINS, LC
Albert S. Watkins, *Pro Hac Vice Pending*
Michael D. Schwade, *Pro Hac Vice Pending*
7733 Forsyth Blvd., Suite 600
Clayton, Missouri 63105
Phone:  (314) 727-9111
Fax:  (314) 727-9110
Email: albertswatkins@kwklaw.net
       mschwade@kwklaw.net

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------ x
LAWRENCE CALLAHAN, individually and as Trustee    :
of the LAWRENCE CALLAHAN ROTH IRA,                :  Case No. 18-cv-8343
                                                  :
                        *Plaintiffs*,    :  **COMPLAINT FOR**
      v.                                         :  **BREACH OF CONTRACT**
                                                  :
GLOBAL EAGLE ENTERTAINMENT, INC. and              :
AMERICAN STOCK TRANSFER & TRUST                   :
COMPANY, LLC,                                     :
                                                  :
                        *Defendants*.    :
------------------------------------------ x

Plaintiff Lawrence Callahan, individually and as Trustee of the Lawrence Callahan Roth IRA, as and for his Complaint For Breach of Contract against Global Eagle Entertainment, Inc. ("Global Eagle") and American Stock Transfer & Trust Company, LLC. ("AST") (AST and Global Eagle will collectively be referred to as the "Defendants") avers as follows:

221787

## The Parties

1. Plaintiff Lawrence Callahan is an individual, U.S. citizen and resident of St. Louis County, Missouri.

2. Plaintiff Callahan is the Trustee of the Lawrence Callahan Roth IRA.

3. Defendant Global Eagle Entertainment, Inc. is a Delaware Corporation with its principal place of business in California and the successor in interest to Global Eagle Acquisition Corp.

4. Defendant American Stock Transfer & Trust Company, LLC is a New York limited liability company with its principal place of business in New York City.

## Jurisdiction and Venue

5. This Court possesses jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(3), as it is an action between citizens of different states, in which citizens or subjects of a foreign state are additional parties, and more than $75,000 is in controversy, exclusive of interest and costs.

6. Jurisdiction and venue is proper in this District, given a choice-of-venue clause in the written contract between the parties. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1).

## Count 1
### (Breach of Contract)

7. Global Eagle provides content, connectivity, and digital media solutions for the travel industry throughout the globe.

8. Global Eagle is a publicly traded company, with shares of its company stock trading on the Nasdaq stock exchange under the ticker symbol ENT.

9. Plaintiff Callahan, individually and in his capacity as Trustee of the Lawrence Callahan Roth IRA, owns stock warrants issued by Global Eagle in 2011 which entitled him, upon exercising same, to shares of stock in Global Eagle.  A true and correct copy of the Warrant Agreement governing the warrants (the "Warrant Agreement") is attached hereto and incorporated by reference herein as Exhibit 1.

10. Pursuant to the terms of the Warrant Agreement, Defendant AST served as Global Eagle's warrant agent tasked with the issuance, registration, transfer, exchange, redemption and exercise of the warrants.

11. Global Eagle's registration statement covering the shares of common stock issuable upon exercise of the warrants was declared effective by the Securities and Exchange Commission on August 22, 2013.

12. Thereafter, Global Eagle's registration statement was suspended for failure to remain current in its periodic reporting obligations.

13. Global Eagle's 10-K filing dated December 31, 2016 confirmed the registration of its common shares was suspended pending the filing of updated financial reports.

14. The suspension of the registration triggered the availability of the option to exercise the Warrant Agreement on a cashless basis pursuant to Section 7.4 thereof.

15. As a direct and proximate cause of the lapse in filing timely financial reports, the Nasdaq Stock Exchange sent several notices of noncompliance to Global Eagle and commenced delisting procedures against Global Eagle.

16. In response, Global Eagle made public statements blaming its tardiness in the filing of a 2016 annual report and for the first three (3) quarters of 2017 on difficulty integrating certain acquisitions into its accounting protocols.

17. The Warrant Agreement was set to expire by its terms on January 31, 2018.

18. On December 27, 2017, Mr. Callahan issued correspondence to Defendant AST to exercise the warrants in Defendant Global Eagle on a "cashless" basis, pursuant to the formula in Section 7.4 of the Warrant Agreement. A copy of the letter exercising the warrants is attached hereto and incorporated by reference herein as Exhibit 2.

19. The exercise price per warrant was $11.50 per share.

20. At the time of exercise, shares of Global Eagle were trading at approximately $2.50 per share.

21. In response to Plaintiffs' December 27, 2017 letter, counsel for Global Eagle contacted counsel for Plaintiffs and advised that Global Eagle would not be honoring the cashless exercise because the shares were "out of the money".

22. Because of the absence of an effective registration statement, Mr. Callahan applied the formula to be employed in exercising the Warrant Agreement under the terms set forth with specificity in Section 7.4 of the Warrant Agreement.

23. Global Eagle acknowledged via email on December 20, 2017 that the warrants were eligible to be exercised on a cashless basis.

24. Defendant Global Eagle advised Plaintiffs that the cashless exercise would require Plaintiffs to pay funds to Global Eagle in order to exercise same.

25. The position taken by Global Eagle that Plaintiffs would have been required to pay funds to exercise the Warrant Agreement on a cashless basis is in conflict with the formula set forth in Section 7.4 of the Warrant Agreement.

26. Despite the letter contained in Exhibit 2, AST, as warrant agent for Global Eagle, failed to execute the cashless transaction.

27. Despite the letter contained in Exhibit 2, Global Eagle failed to deliver shares to Plaintiffs in conformity with the Warrant Agreement.

28. All conditions precedent to the performance of the Warrant Agreement have been performed by Plaintiffs.

29. Defendants have failed to perform and thereby materially breached the Warrant Agreement.

30. As a direct and proximate result of same, Plaintiff, individually, has been damaged in that he did not receive the 360,000 shares of Global Eagle to which he was entitled pursuant to the Warrant Agreement.

31. As a direct and proximate result of Defendants' breaches, Plaintiff, in his capacity as Trustee of the Lawrence Callahan Roth IRA, has been damaged in that he did not receive the 3,393,630 shares of Global Eagle to which he was entitled pursuant to the Warrant Agreement.

**WHEREFORE,** Plaintiff, individually and as Trustee of the Lawrence Callahan Roth IRA, demands Judgment in Plaintiff's favor and against Defendants Global Eagle Entertainment, Inc. and American Stock Transfer & Trust Company, LLC in an amount in excess of $75,000 together with prejudgment interest, costs and such other and further relief as the Court may deem just and proper under the circumstances.

6

Dated: New York, New York
September 13, 2018

REITLER KAILAS & ROSENBLATT LLC


By: /s/ Leo G. Kailas
   Leo G. Kailas
   885 Third Avenue, 20th Floor
   New York, New York 10022
   (212) 209-3050

   - and -

KODNER WATKINS, LC
   Albert S. Watkins
   *Pro Hac Vice Pending*
   Michael D. Schwade
   *Pro Hac Vice Pending*
   7733 Forsyth Blvd., Suite 600
   Clayton, Missouri 63105
   (314) 727-9111

*Attorneys for Plaintiffs*